UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ALZAL CORP.,

       Plaintiff,

  -v-                                     No. 13 Civ. 2636 (LTS)

EMPORIO MOTOR GROUP, L.L.C. et al.,

       Defendants.

-------------------------------------------------------x

## MEMORANDUM ORDER

       Plaintiff Alzal Corporation ("Plaintiff" or "Alzal") brings this action against Defendants Emporio Motor Group, L.L.C. ("Emporio") and Emporio's principal, Afzal A. Khan ("Khan") (collectively, "Defendants"), asserting claims for breach of contract and tortious interference with a sublease. Defendants have moved to dismiss the Complaint for improper venue and lack of personal jurisdiction. The Court has reviewed carefully all of the parties' submissions. For the following reasons, the Court finds that venue is improper in the Southern District of New York for Plaintiffs' tortious interference claim but, rather than dismissing only that claim, the Court transfers the entire action to the United States District Court for the District of New Jersey where venue is proper for both of Plaintiff's causes of action and where there is personal jurisdiction over the Defendants.

## BACKGROUND

       In or about January 2012, Plaintiff's principal, Ilya Igdalev ("Igdalev"), entered into an agreement with Emporio's principal, Khan, to jointly operate a car dealership out of premises located in New Jersey. (Compl. ¶ 7.) The joint venture ended in or about August 2012,

when Emporio changed the locks, refused to allow persons affiliated with Alzal onto the premises, and instructed Igdalev to remove his equipment immediately. (Id. ¶ 13.) In its first cause of action, Plaintiff seeks compensation for the cost of rent, equipment and renovations that it incurred prior to Defendants' purported contractual breach. (Id. ¶¶ 16-24.) In its second cause of action, Plaintiff seeks damages for legal fees and increased rent flowing from Defendants' alleged tortious interference with the sublease for the dealership premises. (Id. ¶¶ 25-27.) Defendants move to dismiss the Complaint for lack of personal jurisdiction and for improper venue under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3). In response to Defendants' motion, Plaintiff has proffered allegations, reviewed below, that the parties engaged in relevant negotiations and other actions in New York, and intended that business activities relevant to New Jersey auto sales would take place in New York. Defendants dispute these allegations.

DISCUSSION

Motion to Dismiss the Complaint for Lack of Personal Jurisdiction

A federal court sitting in diversity may exercise personal jurisdiction "to the same extent as courts of general jurisdiction in the state in which it sits." Madison Models, Inc. v. Casta, No. 01 Civ. 9323 (LTS)(THK), 2003 WL 21978628, at *1 (S.D.N.Y. Aug. 20, 2003) (citing Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 305 F.3d 120, 124 (2d Cir. 2002)). Based on the totality of each Defendants' contacts within New York state, the Court must determine whether New York law would support an exercise of personal jurisdiction, and whether an exercise of personal jurisdiction would violate the Due Process Clause of the Fourteenth Amendment. See, e.g., Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp., 98

F.3d 25, 29 (2d Cir. 1996) (performing full jurisdiction analysis); see also Bank Brussels Lambert, 305 F.3d at 124 (same).

Sections 302(a)(1) and (a)(3) of New York's long-arm statute are applicable here. N.Y. C.P.L.R. § 302. Under § 302(a)(1), a court may exercise jurisdiction over a non-domiciliary who "transacts any business within the state or contracts anywhere to supply goods or services in the state" for claims that arise out of these acts. Id. at § 302(a)(1). Under § 302(a)(3), a non-domiciliary who "commits a tortious act without the state causing injury to person or property within the state" is subject to personal jurisdiction in New York, if the non-domiciliary "(i) regularly does or solicits business . . . in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." N.Y. C.P.L.R. § 302(a)(3). "If the exercise of jurisdiction is appropriate . . . the Court must then determine whether such exercise comports with the requisites of due process." Arma v. Buyseasons, Inc., 591 F. Supp. 2d 637, 646 (S.D.N.Y. 2008) (court should consider due process requirements after finding that the defendant is either "doing business in the state," "or has committed acts within the scope of New York's long-arm statute").

Plaintiff bears the burden of establishing that the Court has personal jurisdiction over the Defendants. DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001). To survive a challenge of personal jurisdiction at this juncture, a plaintiff only needs to proffer enough credible facts to establish a prima facie case for the exercise of jurisdiction. Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 901 (2d Cir. 1981) ("[i]f the court chooses not to conduct a full-blown evidentiary hearing on the motion, the plaintiff need make only a prima facie showing of jurisdiction"). Plaintiff can make this showing through its "own affidavits and

supporting materials containing an averment of the facts" that would support the exercise of jurisdiction. Whitaker v. American Telecasting Inc., 261 F.3d 196, 208 (2d Cir. 2001) (citations omitted). When evaluating the motion to dismiss, a court must take the plaintiff's allegations as true and draw all inferences in the plaintiff's favor. Id.

With regard to Plaintiff's first cause of action for breach of the dealership contract, Plaintiff has met its burden of proffering factual allegations sufficient to support an inference that the claim arises from Defendants' business transactions in New York state and related long-arm jurisdiction pursuant to section 302(a)(1). Plaintiff alleges in the Complaint that Defendants entered into an agreement with Alzal to deal cars together. (Compl. ¶¶ 6-7, 10.) Plaintiff's sworn declarations, submitted in opposition to Defendants' motion to dismiss, state that Khan repeatedly traveled to New York state to discuss this dealership agreement, to visit a potential dealership location, and to sign papers with Igdalev's lawyer for the joint dealership venture. (Igdalev Decl., ¶¶ 4, 5; Leibowitz Decl., ¶¶ 3, 5.) According to Igdalev's sworn declaration, the parties also intended the dealership as a "bi-state enterprise" between New York and New Jersey. (Am. Igdalev Decl., ¶ 12; Leibowitz Decl., ¶ 8.) Since Plaintiff's first cause of action arises from purported breach of this contract to establish the dealership, Plaintiff has alleged facts sufficient to establish a prima facie case for the exercise of jurisdiction under section 302(a)(1). See, e.g., Scholastic, Inc. v. Stouffer, No. 99 Civ. 11480 (AGS), 2000 WL 1154252, at *4 (S.D.N.Y. Aug. 4, 2000) (transactions of business sufficient to satisfy section 302(a)(1) "may include the solicitation of business by defendants, contract negotiations between the parties, meetings at which defendants were present, or letters sent and phone calls made by defendants to plaintiffs").

The exercise of long-arm jurisdiction over Defendants must also satisfy constitutional due process standards, but "satisfaction of the section 302(a)(1) criteria will generally meet federal due-process requirements." Sirius Am. Ins. Co. v. SCPIE Indem. Co., 461 F. Supp. 2d 155, 164 (S.D.N.Y. 2006). See also Best Van Lines, Inc. v. Walker, 490 F.3d 239, 255 (2d Cir. 2007) ("New York law has relied significantly on due process cases in developing its jurisprudence under its long-arm statute"). Accordingly, the exercise of jurisdiction over Defendants under section 302(a)(1) does not offend due process.

In Plaintiff's second cause of action, Plaintiff sues Defendants for tortious interference with a valid sublease. (Compl. ¶¶ 25-27.) Plaintiff alleges only that Defendants interfered with Plaintiff's sublease to transact business from and to occupy a premises in New Jersey. (Compl. ¶¶ 8, 25-27.) Plaintiff has not proffered sufficient facts to show that its tort claim is substantially related to any acts that occurred in New York (i.e. Defendants' business transactions or contracts to supply goods or services in the state). Accordingly, section 302(a)(1) would not support an exercise of personal jurisdiction with regard to Plaintiff's second cause of action.

Having found long-arm jurisdiction lacking under section 302(a)(1), the Court examines whether section 302(a)(3) would cover Plaintiff's tort claim. While § 302(a)(3) confers long-arm jurisdiction over a non-domiciliary who causes injury in New York state even if the injury arises from tortious acts committed outside the state, "courts determining whether there is injury in New York sufficient to warrant § 302(a)(3) jurisdiction must generally apply a situs-of-injury test.'" Bank Brussels Lambert, 171 F.3d at 791 (citation omitted). "[T]he situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff." Whitaker, 261 F.3d at 209 (quoting Mareno v.

Rowe, 910 F.2d 1043, 1046 (2d Cir. 1990)). Simply pleading that a New York domiciliary was harmed does not satisfy the situs-of-injury test. See, e.g., Mareno, 910 F.2d at 1046. "The occurrence of financial consequences in New York due to the fortuitous location of plaintiffs in New York is not a sufficient basis for jurisdiction under § 302(a)(3) where the underlying events took place outside New York." Whitaker, 261 F.3d at 209 (2d Cir. 2001) (citations omitted).

Plaintiff avers that Alzal Corporation, a New York domiciliary, incurred legal fees and increased rent as a result of Defendants' tortious conduct, but does not allege that it incurred monetary losses in New York. (Compl. ¶¶ 26, 27.)[1] Plaintiff alleges that Defendants barred persons associated with Alzal from the New Jersey premises, changed the locks, and told Igdalev to remove his equipment. (Compl. ¶ 13.) Plaintiff further alleges that it had to pay increased rent for alternate premises in New Jersey, which Plaintiff sought after being evicted from the former New Jersey dealership location. (Id. ¶ 27.) The long-arm statute requires that the critical events underlying Plaintiff's tortious interference claim took place in New York. See Darby Trading Inc. v. Shell Int'l Trading & Shipping Co. Ltd., 568 F. Supp. 2d 329, 337 (S.D.N.Y. 2008) (when only financial losses occurred in New York, "the situs of such a nonphysical commercial injury is the place where the critical events associated with the dispute took place and not where the resultant monetary loss occurred") (quoting Polansky v. Gelrod, 798 N.Y.S.2d 762, 764 (2005)). As all of the events underlying Plaintiff's tort claim occurred in New Jersey, Plaintiff has failed to allege that Defendants committed a tortious act without the

---

[1] Plaintiff generally mentions a loss of business opportunity under its breach of contract claim, but not under its tortious interference claim. (Compl. ¶ 24.) To the extent that loss of business opportunity can be construed as an injury arising from Defendants' purported tortious acts, Plaintiff still fails to satisfy section 302(a)(3) because New York law requires Plaintiff to specifically allege that it lost business in the New York market. Darby Trading Inc. v. Shell Int'l Trading & Shipping Co. Ltd., 568 F. Supp. 2d 329, 337-38 (S.D.N.Y. 2008).

state causing injury within New York. Accordingly, section 302(a)(3) would not support an exercise of jurisdiction with respect to Plaintiff's tortious interference claim.

Motion to Dismiss the Complaint for Improper Venue

Defendants also move to dismiss the Complaint on the basis of improper venue. Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C.A. § 1391(b)(2) (West 2006). "The standard for defeating a motion to dismiss under Rule 12(b)(3) is similar to the standard under Rule 12(b)(2)" and "[t]he burden of showing that venue in the forum district is proper falls on the plaintiff, but absent an evidentiary hearing, the plaintiff need only make a prima facie showing of venue." Arma, 591 F. Supp. 2d at 644 (citing DiStefano, 286 F.3d at 84). A plaintiff's factual allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. Martinez v. Bloomberg LP, 883 F. Supp. 2d 511, 513 (S.D.N.Y 2012). When considering allegations related to venue, the Court may consider evidence outside the complaint, "including affidavits and other documentary evidence." Id. According to the sworn declarations submitted in support of Plaintiff's Opposition to the motion, the parties met many times in New York to discuss the establishment of the dealership. (Igdalev Decl., ¶¶ 4, 5, Leibowitz Decl., ¶¶ 3, 5.) Given that Plaintiff's contract claim arises from the alleged breach of this dealership agreement, Plaintiff's allegations suffice to establish a prima facie showing of venue with respect to Plaintiff's first cause of action.

With respect to Plaintiff's second cause of action, for tortious interference, Plaintiff's proffers fail to satisfy the statutory venue standard. As all of the events giving rise to the tortious interference claim occurred in New Jersey, venue is not proper in New York.

Pursuant to 28 U.S.C. § 1406, a district court may dismiss or transfer "a case laying venue in the wrong division or district. . . if it be in the interest of justice." Furthermore, under 28 U.S.C. § 1404, the Court may transfer a case to "any other district or division where it might have been brought," if transfer is appropriate in light of "the convenience of parties and witnesses, [and] in the interest of justice." 28 U.S.C.A. § 1404(a) (West 2006). See Sheet Metal Workers' Nat. Pension Fund v. Gallagher, 669 F. Supp. 88, 91 (S.D.N.Y. 1987) ("[r]egardless of whether there is personal jurisdiction over the defendants, the court has power to transfer pursuant to 28 U.S.C. § 1404(a) if venue is proper and pursuant to 28 U.S.C. § 1406(a) if venue is improper"). A district court has broad discretion in determining whether to transfer a case under Section 1406 and Section 1404. See Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993) (under section 1406, "[w]hether dismissal or transfer is appropriate lies within the sound discretion of the district court"); D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006) ("[d]istrict courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis"). See also Bank of Am., N.A. v. Wilmington Trust FSB, No. 12 Civ. 8730(VM), 2013 WL 1890239, at *7 (S.D.N.Y. May 3, 2013) ("It is settled law in this jurisdiction that a court may transfer a case sua sponte even if the defendant moves only to dismiss.").

It is clear that the United States District Court for the District of New Jersey would have personal jurisdiction over Defendants, as they do business and reside in New Jersey. In the Southern District of New York, venue is proper for Plaintiff's contract claim but not for Plaintiff's tort claim, while venue is proper for both in the District of New Jersey. As nothing in the record indicates that Plaintiff would be prejudiced by a transfer of this case to the District of New Jersey, the Court finds that the interests of justice and judicial economy weigh in favor of

transferring this case to United States District Court for the District of New Jersey, where both of Plaintiff's claims can properly be addressed.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Complaint is granted to the extent that this action is hereby transferred to the United States District Court for the District of New Jersey, and denied in all other respects. This Memorandum Order resolves docket entry number 5.

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey and to close the case.

SO ORDERED.

Dated: New York, New York
      July 25, 2013

                                    /S
                              LAURA TAYLOR SWAIN
                              United States District Judge