**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

| | |
|---|---|
| ALZAL CORP., <br><br> Plaintiff, <br><br> v. <br><br> EMPORIO MOTOR GROUP, LLC and AFZAL A. KHAN a/k/a/ BOBBY KHAN, <br><br> Defendants. | Civil Action No. <br><br> 2:13-CV-4644-SDW-SCM <br><br> **ON PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER [D.E. 58]** |

**REPORT AND RECOMMENDATION**

STEVEN C. MANNION, United States Magistrate Judge.

I.  **INTRODUCTION**

Before this Court is plaintiff Alzal Corp.'s ("Plaintiff's") motion to strike defendant Afzal A. Khan's ("Defendant's") answer to the compliant. (ECF Docket Entry ("D.E.") No. 58). Pursuant to Local Civil Rule 72.1(a)(2), the Honorable Susan D. Wigenton, United States District Judge, has referred the instant motion to the undersigned for a report and recommendation. Upon consideration of the parties' submissions and for the reasons stated below, it is respectfully recommended that Plaintiff's Motion to Strike be **granted**.

1

II. **BACKGROUND AND PROCEDURAL HISTORY**

This matter arises from a contract dispute between Plaintiff and Defendants. (D.E. 1, Compl.). The facts set forth in the July 25, 2013 Memorandum Order by the Honorable Laura Taylor Swain, U.S.D.J. are incorporated herein by reference. (D.E. 28).

On April 22, 2013, Plaintiff commenced this action against defendant Khan and Emporio Motor Group, LLC for breach of contract, tortious interference and wrongful eviction in the Southern District of New York. (D.E. 1, Complaint). On July 26, 2013, Judge Swain granted Defendants' motion and transferred this action to the District of New Jersey. (D.E. 28). Thereafter, on August 8, 2013, Defendants Khan and Emporio Motor Group, LLC answered Plaintiff's complaint. (D.E. 31).

On October 7, 2014, defense counsel filed a motion to withdraw as counsel because Defendants had been unresponsive. (D.E. 50). On November 21, 2014, this Court granted defense counsel's motion as unopposed. (D.E. 55).[1]

Thereafter, this Court adjourned the final pre-trial conference from December 10, 2014 to January 23, 2015. (D.E. 55). Defendants did not appear for the conference.

---

[1] Defendant Emporio Motor Group, LLC cannot appear pro se. See *Simbraw v. U.S.*, 367 F.2d 373, 374 (3d Cir. 1996) (holding that corporations cannot represent themselves pro se). Said defendant has not obtained and is subject to an entry of default.

2

On February 17, 2015, Plaintiff filed the instant motion to strike defendant Khan's answer. (D.E. 58). Defendants did not oppose the motion and did not appear on March 23, 2015 for oral argument. The motion may also be granted as uncontested.[2]

II. **LEGAL STANDARD AND ANALYSIS**

Defendant Khan's answer in this matter may be stricken by the District Court pursuant to Federal Rule of Civil Procedure 37(b)(2)(iii). Rule 37(b)(2) allows a court to impose sanctions, which include striking pleadings where a party "fails to obey an order to provide or permit discovery." *Id.* The Court employs its sound discretion in determining what sanctions to impose. *See Bowers v. NCAA*, 475 F.3d 524, 538 (3d Cir. 2007). Ordinarily, to ensure "that a party still has [his or] her day in court," *Knoll v. City of Allentown*, 707 F.3d 406, 410 (3d Cir. 2013), the court must consider the six factors adopted by the Third Circuit in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) before determining whether to impose a sanction such as striking a pleading. However, the *Poulis* factors need not be considered where the dismissal is

---

[2] A court may consider a motion to be uncontested when opposition has not been filed as required by local rule. *Taylor v. Harrisburg Area Comm. Coll.*, 2014 W.L. 4071644 (3rd Cir. 2014). District of New Jersey Local Civil Rule 7.1 requires that motions be made on at least 24-days notice. L.Civ.R. 7.1(a). Opposition to any motion is due at least 14 days prior to the original return date, unless the Court otherwise orders or an automatic extension is obtained. L.Civ.R. 7.1(d)(2).

without prejudice. *Choi v. Kim*, 258 Fed. Appx. 413, 417 at n.5 (3d Cir. 2007).

Here, Khan's former counsel certified in their motion to withdraw that Khan failed to pay his attorney's fees, and had become unresponsive "regarding the handling of the lawsuit." (D.E. 50-1, Marvin J. Brauth Cert. at ¶¶ 3-5). Further, Khan failed to appear in court for the hearing for the motion to withdraw as counsel held on November 20, 2014. All notices of matters before the Court have been sent to Khan through certified mail, and proof of such mailings have been filed with the court. (D.E. 53, 56, 58). Still, Khan has failed to appear or otherwise respond to any matters before the Court. Thus, there is no evidence before the court that a less severe sanction would be appropriate where Khan has failed to have any meaningful contact with the Court, his adversaries, or his prior counsel.

IV. **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Khan's answer be **stricken without prejudice** for failure to comply with the Court's scheduling orders and to appear on November 20, 2014, January 23, 2015, and March 23, 2015 to defend the case.

4

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Civil Rule 72.1(c)(2).



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

3/23/2015 2:43:06 PM